Judge Underwood,
delivered the opinion of the court.
DavidsoN, for a gaming consideration, executed to Smith, a receipt against a judgment at law; in pursuance of which, the sheriff returned the execution which issued thereon, satisfied. Davidson filed his bill in chancery to cancel the receipt, and to have the return of the office set aside, so that he might collect the judgment. The court annulled the receipt, and set aside the sheriff’s return.
If the receipt be regarded as evidence that the judgment was paid, and that Davidson was satisfied, then a court of chancery ought not to have taken jurisdiction to relieve a gambler from the effects of an executed agreement; Davidson &c. vs. Givins, II. Bibb, 200; Downs vs. Quarles, &c. Littell’s Selec. Cases, 489. The receipt imposed no executory duty on Davidson, for a violation of which he could be sued upon the receipt, as the foundation of the action. A bill to compel its surrender, or to cancel it, should not, therefore, have been sustained.
It has often been settleed that a court of equity cannot change the records of a court of common law. The chancellor acts upon the person of a party, in restraining him from using a remedy or execution at law, and may punish those who violate the decree for a contempt, but he-cannot set aside the returns of officers in a common law tribunal, and direct the *540 courts of law to proceed with execution. In some cases where a party is concluded by a return, the chancellor will decree a sum of money in his favor, against the party who, by the return, seems to have paid it. Tlius where the amount of an execution is made out of the property of a third person, and the execution returned satisfied, and such third person recovers from the plaintiff, the chancellor might decree in his favor against the defendant the amount of the execution; but he could not set aside the return. If this can be done at all, it must be by motion to the common law tribunal, whose province it is to superintend and control the proceedings of its officers, in executing its judgments. For these principles see Banks vs. Shain, Litfell’s, Selec. Cases, 451, McGhee vs. Ellis and Browning, IV. Littell, 247.
In some cases, where a party is concluded by a return, chancellor will decree a sum of money in his favor against the party who by the return seems to have paid it.
Haggin for plaintiffs; Mills and Brown for defendant.
The result is, that the court erred in the decree rendered. Wherefore it is reversed with costs, and the cause remanded, with directions to dkmiss the bill, for want of jurisdiction.